10-2217-cr
United States v. Berkun

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

_____At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of September, two thousand ten.

PRESENT:   JON O. NEWMAN,
           REENA RAGGI,
                     *Circuit Judges*,
           JED S. RAKOFF,
                     *District Judge.*[*]

------------------------------------------------------------------------------

UNITED STATES OF AMERICA,

                              *Appellee*,

            v.                                          No. 10-2217-cr

ALAN BERKUN,

                    *Defendant-Appellant.*

------------------------------------------------------------------------------

APPEARING FOR APPELLANT:        SUSAN C. WOLFE, Hoffman & Pollock, LLP, New York, New York.

APPEARING FOR APPELLEE:         LAN NGUYEN, Assistant United States Attorney (Emily Berger, Assistant United States Attorney,

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

*on the brief*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court entered orally on June 1, 2010, is AFFIRMED.

Alan Berkun appeals from an order by the district court that denied him bail pending trial on charges of attempted securities fraud after a magistrate judge had ruled in favor of bail release. We review a district court's bail determination, including its findings of fact pertaining to risk of flight and the adequacy of any proposed bail conditions, for clear error. See United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995). We will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed." United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted); see also United States v. LaFontaine, 210 F.3d 125, 130 (2d Cir. 2000). While our review is deferential, it is nevertheless guided by the "traditional presumption favoring pretrial release for the majority of Federal defendants." United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. 1986) (internal quotation marks omitted); accord United States v. Shakur, 817 F.2d 189, 195 (2d Cir. 1987). In applying these

standards, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Title 18 U.S.C. § 3142(e) permits a district court to order pretrial detention if, after a hearing, it concludes that "no condition or combination of conditions will reasonably assure the appearance of the person . . . ." To support such a conclusion, the court must find by a preponderance of the evidence that (1) the accused presents an actual risk of flight, and (2) no set of conditions can be imposed that reasonably will assure the accused's presence in court.[1] See United States v. Sabhnani, 493 F.3d at 75; see also United States v. Shakur, 817 F.2d at 194-95. In making these findings, the district court properly considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence supporting the charges; (3) the history and characteristics of the accused; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See 18 U.S.C. § 3142(g). On the record presented, we cannot conclude that the district court clearly erred in finding that these factors together weighed in favor of detention.

---

[1] If the government had moved for remand in the cases in which Berkun already stands convicted, see United States v. Berkun, Nos. 09 Cr. 930, 00 Cr. 1248, 01 Cr. 1457 (E.D.N.Y.), the law would have required Berkun's detention unless clear and convincing evidence demonstrated that he was not likely to flee or pose a danger to the community, see 18 U.S.C. § 3143(a); see also United States v. Abuhamra, 389 F.3d 309, 317-18 (2d Cir. 2004) (noting "present federal law disfavors release on bail" pending sentencing). Because no such motion was made, we review the challenged detention order by reference to the stricter standard for detention established by § 3142(e).

The nature of Berkun's charged crime, attempted securities fraud, is certainly serious in its potential for corrupting financial markets and, as the district court observed, causing substantial damage to individuals. Nevertheless, because the crime does not involve violence or terrorism so as to trigger a presumption in favor of detention, see 18 U.S.C. § 3142(e)(3), this factor weighs in favor of identifying some circumstances for Berkun's release.

Nevertheless, the district court reasonably concluded that the second factor, the weight of the evidence, favors detention. Recorded telephone conversations and physical evidence strongly inculpate Berkun in the alleged crime. While Berkun might challenge the inferences to be drawn from his statements, he can hardly dispute the fact of the statements. Nor can he easily dispute his fraudulent intent in light of his acknowledged past commission of securities fraud. See Fed. R. Evid. 404(a)(1), 801(d)(2)(A). Because the evidence of guilt is strong, it provides Berkun with an incentive to flee. See, e.g., United States v. Millan, 4 F.3d 1038, 1046 (2d Cir. 1993). This incentive is aggravated by the fact that the evidence exposes Berkun not only to a term of incarceration on the attempt charge, but to a greater term of incarceration than he had expected on the securities fraud charges on which he is awaiting sentencing. See, e.g., United States v. Martir, 782 F.2d 1141, 1147 (2d Cir. 1986). Berkun is alleged to have committed the charged attempt during a period of purported cooperation with the government, in return for which he had expected a significantly reduced sentence – an expectation now unlikely to be realized.

4

Finally, while Berkun's history and character might appear to favor release in that he is a United States citizen with strong roots in the community, a supportive family, and a history of appearing in court, this factor ultimately weighs heavily against Berkun because it reveals a record of deceiving the court. Berkun committed the alleged attempt while on bail, having thereby deceived the court as to his willingness to conform his conduct to law. Further, he appears to have concealed from the court and the prosecution substantial assets: approximately $4 million in an off-shore bank account. This indicates that Berkun could easily (1) finance his flight from and life outside the United States, and (2) compensate his suretors for any loss on the bond. See, e.g., United States v. Sabhnani, 493 F.3d at 77. But more, the deceit evidenced by the concealment of millions of dollars and the commission of a crime while on bail release properly permitted the court to conclude that it could not rely on Berkun to abide by any bail conditions. Cf. id.

On this record, we identify no clear error in the district court finding it more likely than not that Berkun presents an actual risk of flight and that no bail conditions can be imposed reasonably to assure his presence in court.

We have considered the parties' other arguments and conclude they are without merit. Accordingly, we AFFIRM the district court's June 1, 2010 order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5